Jacob C. CLARK

v.

COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, Bureau of Driver Licensing, Appellant.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 7, 2012.

Decided Feb. 8, 2013.

Terrance M. Edwards, Assistant Counsel, Harrisburg, for appellant.

BEFORE: PELLEGRINI, President Judge, and SIMPSON, Judge, and COLINS, Senior Judge.

OPINION BY Judge SIMPSON.

The Department of Transportation, Bureau of Driver Licensing (DOT) appeals from an order of the Court of Common Pleas of Bedford County[1] (trial court) that sustained Jacob C. Clark's (Licensee) statutory appeal from a one year suspension of his operating privileges following a juvenile adjudication for driving under the influence of alcohol (DUI) general impairment. In this case of first impression, DOT contends the trial court erred in sustaining Licensee's appeal where the General Assembly did not expressly include adjudication for delinquency for DUI within the exception to suspension set forth in 75 Pa.C.S. § 3804(e)(2)(iii).[2] Upon review, we affirm.

## I. Background

### A. Adjudication of Delinquency

Following his December 2010 arrest for DUI, Licensee, 17 years old at the time of the offense, entered into a consent decree in juvenile court for a violation of 75 Pa. C.S. § 3802(e) (DUI: Minor). *See* Reproduced Record (R.R.) at 60a–61 a. In response, DOT suspended Licensee's driving privileges for six months. *Id.* at 33a. Licensee did not appeal this suspension.

Thereafter, the District Attorney petitioned to revoke the consent decree on the ground that Licensee failed to abide by its terms. *Id.* at 63a–64a. The court ultimately revoked the consent decree. *Id.* at 65a.

Based on the same 2010 DUI episode, the court in 2012 adjudicated Licensee delinquent for a violation of 75 Pa.C.S. § 3802(a)(1) (DUI general impairment: incapable of safe driving). *Id.* at 66a–68a. As part of its dispositional order, the court directed Licensee to serve one year probation; pay a $300.00 fine; successfully complete an alcohol highway safety school; and, successfully complete an approved program of outpatient drug and alcohol counseling. *Id.*

### B. License Suspension Appeal

In accord with 75 Pa.C.S. § 3804(e)(2)(i) (suspension for DUI ungraded misdemeanor) DOT imposed a one year suspension of Licensee's driving privileges based on his DUI general impairment violation. R.R. at 70a–71a. Licensee, representing himself, filed a statutory appeal from the suspension asserting his offense is a first offense subject to the exception to suspension set forth in 75 Pa.C.S. § 3804(e)(2)(iii). *Id.* at 72a–74a.

### C. Trial Court Decision

Following a *de novo* hearing, the trial court sustained Licensee's appeal and di-

---

1. The Honorable Travis W. Livengood presided.

2. By order dated November 30, 2012, this Court precluded Licensee from filing a brief due to his failure to comply with an earlier order directing him to file a brief within 14 days.

rected DOT to restore Licensee's driving privileges. In an opinion in support of its order, the trial court observed:

> The sole issue for review is whether [Licensee's] adjudication and disposition of the offense of DUI General Impairment [75 Pa.C.S. § 3802(a)(1)] as a juvenile satisfies the requirement of the suspension exception in [75 Pa.C.S. § 3804(e)(2)(iii)] that [Licensee] was *'subject to the penalties provided'* in 75 Pa. [C.S.] § 3804(a).

Tr. Ct., Slip Op., 8/7/12, at 2 (emphasis added).

The pertinent parts of 75 Pa.C.S. § 3804 (**Penalties**) provide (with emphasis added):

**(a) General impairment.**—Except as set forth in subsection (b) or (c), an individual who violates section 3802(a) (relating to driving under influence of alcohol or controlled substance) shall be *sentenced* as follows:

(1) For a first offense, to:

*(i) undergo a mandatory minimum term of six months' probation;*

*(ii) pay a fine of $300;*

*(iii) attend an alcohol highway safety school approved by the department; and*

*(iv) comply with all drug and alcohol treatment requirements* under section 3814 (relating to drug and alcohol assessments) and 3815 (relating to mandatory sentencing).

\* \* \*

**(e) Suspension of operating privileges upon conviction.**—

(1) *The department shall suspend the operating privilege of an individual under paragraph (2) upon receiving* a certified record of the individual's conviction or *an adjudication of delinquency for:*

(i) *an offense under section 3802; or*

(ii) an offense which is substantially similar to an offense enumerated in section 3802 reported to the department under Article III of the compact in section 1581. . . .

*(2) Suspension under paragraph (1) shall be in accordance with the following:*

\* \* \*

*(iii) There shall be no suspension for an ungraded misdemeanor under section 3802(a) where the person is subject to the penalties provided in subsection (a) and the person has no prior offense.*

\* \* \*

**(k) Nonapplicability.**—*Except for subsection (e),* this section shall not apply to dispositions resulting from proceedings under 42 Pa.C.S. Ch. 63 [relating to juvenile matters].

75 Pa.C.S. § 3804(a), (e) and (k).

The trial court observed DOT conceded the juvenile court adjudicated Licensee on an ungraded misdemeanor and that Licensee had no prior offenses. Tr. Ct., Slip. Op., at 3. The trial court then determined Licensee's adjudication, which imposed the subsection (a) penalties for general impairment, satisfied the requirements in 75 Pa. C.S. § 3804(e)(2)(iii) for an exception to suspension, including the requirement that *the person is subject to the penalties provided in subsection (a). Id.* In so doing, the trial court explained:

> The language of 75 Pa. [C.S.] § 3804(e)(2)(iii) states the person must be 'Subject to the penalties provided in subsection a' which include six (6) months probation, a $300 fine, completion of an alcohol highway safety school, and the possible imposition of outpatient drug and alcohol counseling. *We find it difficult to conclude that [Licensee] was not subject to such penalties when he, in fact, received such penalties in his*

*juvenile adjudication.* Moreover, the juvenile [c]ourt not only imposed upon [Licensee] every single penalty that is allowable under 75 Pa. [C.S.] § 3804(a), it also imposed a period of probation that is six (6) months longer than the statutorily allowable maximum on an adult DUI offender.

[DOT] argues that [Licensee] cannot be subject to 75 Pa. [C.S.] § 3804(a) because the juvenile [c]ourt's disposition comes from the authority of [Section 6352 of the Juvenile Act, 42 Pa. [C.S.] § 6352 (relating to disposition of delinquent child) ] and not 75 Pa. [C.S.] § 3804(a). We are unpersuaded by this point. *[DOT's] interpretation fixates entirely upon whether [Licensee's] disposition occurred as a mandate of 75 Pa. [C.S.] § 3804(a), rather than whether [Licensee] was subject to the penalties it provides—which is specifically how the statute reads.* In other words, [DOT] reads the suspension exception to require that [Licensee's] adjudication be 'subject to § 3804(a),' no matter what penalties he was exposed to—and imposed with. We may agree with [DOT's] position if the text of 75 Pa. [C.S.] § 3804(e)(2)(iii) read simply that the 'person is subject to subsection (a)' or that the 'person be sentenced under subsection (a).' But, the actual test we are to interpret is whether ' . . . the person is subject to the *penalties* provided in subsection (a).' 75 Pa. [C.S.] § 3804(e.)(2)(iii) (emphasis added). *Here, while [Licensee's] disposition was not required under § 3804(a), he was no less subject to the penalties it provides as evidenced by the fact that he was ultimately subjected to them.* Accord-

ingly, we find the plain text of 75 Pa. [C.S.] § 3804(e)(2)(iii) includes [Licensee's] juvenile disposition into the suspension exception of said statute.

Tr. Ct., Slip Op., at 4–5 (footnotes omitted, emphasis by underline added).

 In addition, the trial court observed, the subsection (a) penalties for general impairment, particularly the alcohol highway safety school and the outpatient counseling, are rehabilitative in nature. The court therefore concluded:

We believe that our interpretation of 75 Pa. [C.S.] § 3804(e)(2)(iii) is consistent with this underlying intent and purpose of the relevant DUI statutes. *[Licensee] was both subject to, and imposed with, all of the rehabilitative and punitive measures contained in § 3804(a).* And, we do not see how the purpose of the DUI law is adhered to—nor advanced—by imposing the full license suspension on an individual who was imposed with the entire penalties provided in § 3804(a).

*Id.* at 5. DOT appeals.[3]

## II. Issue

DOT contends the trial court erred in adding an adjudication of delinquency to the limited statutory exception to license suspension set forth in 75 Pa.C.S. § 3804(e)(2)(iii). It argues the General Assembly did not intend this exception to apply to an adjudication for delinquency for a DUI violation.

## III. Discussion

### A. Argument

DOT asserts the General Assembly provided that the exception to suspension ap-

---

**3.** Appellate review of a trial court's decision in a license suspension case is limited to determining whether the trial court's factual findings are supported by competent evidence and whether the trial court committed an error of law or abuse of discretion. *Dep't of Transp., Bureau of Traffic Safety v. O'Connell,* 521 Pa. 242, 555 A.2d 873 (1989); *Glidden v. Dep't of Transp., Bureau of Driver Licensing,* 962 A.2d 9 (Pa.Cmwlth.2008).

plies when three conditions are satisfied: (1) the person committed an ungraded misdemeanor under 75 Pa.C.S. § 3802(a); (2) the person has no prior offense; and (3) the person is subject to the subsection (a) penalties for general impairment. *See Glidden v. Dep't of Transp., Bureau of Driver Licensing,* 962 A.2d 9 (Pa.Cmwlth. 2008) (exception to suspension allows licensees to avoid a suspension if they are convicted of DUI ungraded misdemeanor, have no prior offense and are subject to the subsection (a) penalties for general impairment).

DOT does not dispute Licensee committed an ungraded misdemeanor and that he had no prior offense. However, DOT contends the trial court erred in determining Licensee was subject to the subsection (a) penalties. To that end, DOT asserts Section 3804(a), which sets forth the penalties for DUI general impairment, provides (with emphasis added): "an individual who violates section 3802(a) ... *shall be sentenced* as follows...." Here, DOT argues, the juvenile court could not sentence Licensee in accord with subsection (a). Rather, the court adjudicated Licensee delinquent under the Juvenile Act, 42 Pa.C.S. §§ 6301–65.

When a young person is adjudicated delinquent under the Juvenile Act, DOT continues, the person is neither convicted nor sentenced. Rather, the juvenile court enters a dispositional order. The court is limited to ordering one of six options set forth in 42 Pa.C.S. § 6352(a). *See In re R.D.R.,* 876 A.2d 1009 (Pa.Super.2005) (after child is adjudicated delinquent or dependent, juvenile court is limited to selecting options specified in the Juvenile Act; the court may impose a fine equivalent to a fine set forth in a criminal statute, but it must do so based on the Juvenile Act rather than the criminal statute).

Therefore, DOT argues, the juvenile court did not convict Licensee under Section 3802(a) (offense-general impairment) or sentence him under Section 3804(a) (penalties-general impairment). Consequently, Licensee was not subject to the subsection (a) penalties. As such, Licensee could not satisfy the requirements for the no-suspension exception. *Glidden.* In short, DOT asserts, in enacting the remedial license suspension provisions[4] of 75 Pa.C.S. § 3804(e)(1)(i), the General Assembly intended that Licensee, a juvenile offender, be suspended for a violation of DUI general impairment. However, a juvenile court cannot convict or sentence Licensee to the criminal subsection (a) penalties. Because Licensee was not subject to these penalties, he cannot satisfy the requirements in Section 3804(e)(2)(iii) for an exception to the suspension.

4. A license suspension under the Vehicle Code, 75 Pa.C.S. §§ 101–9805, is not punitive, but remedial in nature. *See Ponce v. Dep't of Transp., Bureau of Driver Licensing,* 685 A.2d 607 (Pa.Cmwlth.1996) (suspension of a licensee's operating privileges serves the remedial goal of protecting the public interest against the licensee's unsafe driving habits). DOT asserts 75 Pa.C.S. § 3804(e)(1)(i), which mandates a civil suspension upon a receipt of a certified record of an adjudication of delinquency for a violation of DUI general impairment, must be read in *pari materia* with the remedial provisions of the Juvenile Act. Section 6352(a) of the Juvenile Act (disposition of delinquent child) provides that any order of disposition of a delinquent child must be *"consistent with the protection of the public interest* and ... *provide balanced attention to the protection of the community, the imposition of accountability for offenses committed* and the development of competencies to enable the child to become a responsible and productive member of the community...." 42 Pa.C.S. § 6352(a) (emphasis added). Therefore, a suspension under 75 Pa.C.S. § 3804(e)(1)(i) based on an adjudication of delinquency for a DUI violation must not only play a role in the rehabilitation of the juvenile offender, but must also serve as a part of the accountability for the offense and the protection of the public interest.

## B. Analysis

■ In its analysis, the trial court identified the crucial issue as whether Licensee's adjudication under the Juvenile Act satisfied the exception to suspension requirement that "the person is subject to the penalties provided in subsection (a)." The trial court then determined Licensee's adjudication satisfied this requirement where the juvenile court in fact imposed those penalties upon Licensee as part of its disposition. The trial court reasoned a common sense reading of the plain text of the applicable provisions of 75 Pa.C.S. § 3804 supports its conclusion.

We agree. The juvenile court adjudicated Licensee delinquent for a violation of 75 Pa.C.S. § 3802(a)(1) (offense-general impairment), which provides:

> (1) An individual may not drive, operate or be in actual physical control of a vehicle after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safe driving, operating or being in actual physical control of the movement of the vehicle.

As discussed above, 75 Pa.C.S. § 3804(a) (penalties-general impairment) imposes the following penalties for a first offense: (i) mandatory minimum term of six months' probation; (ii) $300 fine; (iii) attend an approved alcohol highway safety school; and, (iv) comply with all drug and alcohol treatment programs requirement imposed under 75 Pa.C.S. §§ 3814 (drug and alcohol assessments) and 3815 (mandatory sentencing).

Among other things, the juvenile court ordered Licensee to serve one year probation; pay a $300.00 fine; successfully complete the alcohol highway safety school and pay the costs of this requirement; and, successfully complete an approved program of outpatient drug and alcohol counseling and pay the costs of this requirement. *See* R.R. at 67a–68a. It is also noteworthy that Licensee previously served a six-month license suspension for the same DUI episode. R.R. at 33a.

DOT contends that Section 3804(a) (penalties-general impairment) states that an individual who violates Section 3802(a)(1) (offense-general impairment) shall be *sentenced* to the penalties in that provision. DOT further argues that although a juvenile court may impose a fine similar to a fine set forth in a criminal statute, it must do so under the Juvenile Act rather than the criminal statute. *R.D.R.* Such penalties are discretionary not mandatory. *Id.* As a result, a juvenile court is without statutory authority to apply a mandatory fine in a criminal statute. *Id.*

However, *R.D.R.* is a Superior Court decision involving an appeal from the imposition of fines under both Section 6352(a)(5) of the Juvenile Act, 42 Pa.C.S. § 6352(a)(5) and Section 3804(c) of the Vehicle Code, 75 Pa.C.S. § 3804(c). In *R.D.R.*, the Court held a juvenile court lacks the authority to impose a mandatory fine under a criminal provision of the Vehicle Code or a mandatory fine under Section 6352(a)(5) of the Juvenile Act without a determination of the juvenile's ability to pay.

■ The present appeal, however, is a separate civil proceeding involving a challenge to a license suspension imposed by DOT. It does not involve a challenge to the legality of the fines, costs or other conditions imposed by the juvenile court. Therefore, DOT may not attack the validity of the juvenile court's disposition in this appeal. *Glidden.*

More importantly, we agree with the trial court that Licensee was indeed "subject to" the subsection (a) penalties regardless of the fact the juvenile court could not sentence him under that provision. "It is not a court's place to imbue

the statute with a meaning other than that dictated by the plain and unambiguous language of the statute." *R.D.R.*, 876 A.2d at 1016. Here, the plain language of the exception to suspension requires only that the offender be "subject to" subsection (a) penalties for general impairment.

■ Our plain language assessment is further supported by the text of 75 Pa.C.S. § 3804(e)(1)(i). This language is quoted above and provides the suspension requirement in subsection (e) applies to either a conviction or an adjudication of delinquency. Thus, this additional part of the penalties provision refutes DOT's argument that juvenile adjudications are to be treated differently than criminal convictions for suspension purposes.

■ Similarly, nothing in the exception to suspension distinguishes between a conviction and an adjudication of delinquency. To that end, 75 Pa.C.S. § 3804(k) provides (with emphasis added), *"Except for subsection (e),* this section [3804] shall not apply to dispositions resulting from proceedings under 42 Pa.C.S. Ch. 63 [relating to juvenile matters]."* A reasonable interpretation of 75 Pa.C.S. § 3804(k) is that the suspension subsection (e) applies, in its entirety, to adjudications of delinquency as well as convictions. Concomitantly, the exception to suspension within subsection (e) applies to juvenile proceedings.

■ Although courts traditionally afford the agency charged with the administration of a statute some deference, the meaning of a statute is essentially a question of law subject to our plenary review. *Malt Beverages Distribs. Ass'n v. Pa. Liquor Control Bd.*, 918 A.2d 171 (Pa. Cmwlth.), aff'd, 601 Pa. 449, 974 A.2d 1144 (2009). Moreover, "where an administrative interpretation of a statute is inconsistent with the statute itself ... such an interpretation carries little or no weight." *Id.* at 176.

Such is the case here. DOT's interpretation of the exception to suspension in Section 3804(e)(2)(iii), to exclude a juvenile subject to the penalties provided in Section 3804(a)(1) because they were imposed under the Section 6352(a) of the Juvenile Act rather than the Vehicle Code, is contrived. DOT's tortured statutory construction is also contrary to the plain language of Sections 3804(e)(1)(i), 3804(e)(2)(iii) and 3804(k) of the Vehicle Code, which makes no such distinction between adjudications of delinquency and convictions for purposes of suspensions based on violations of Section 3802(a)(1) (DUI general impairment). Therefore, we deny DOT's appeal.

For the above reasons, the order of the trial court is affirmed.

### *ORDER*

**AND NOW**, this 8th day of February, 2013, the order of the Court of Common Pleas of Bedford County is **AFFIRMED.**