J-S16041-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CAMERON ERWIN DRUM | |
| Appellant | No. 1251 MDA 2014 |

Appeal from the Judgment of Sentence June 3, 2014
In the Court of Common Pleas of Perry County
Criminal Division at No(s): CP-50-CR-0000307-2013

BEFORE:  PANELLA, J., OLSON, J., and OTT, J.

MEMORANDUM BY OTT, J.:                                **FILED JUNE 18, 2015**

Cameron Erwin Drum appeals from the judgment of sentence imposed on June 3, 2014, in the Court of Common Pleas of Perry County, as amended on June 10, 2014, and June 16, 2014.  On June 3, 2014, Drum entered a *nolo contendere* plea to one count of driving under the influence of alcohol ("DUI") (general impairment – first offense).[1]  The court sentenced Drum the same day to a term of 72 hours to 6 months in a county correctional facility, with credit for time served.  On appeal, Drum challenges the validity of his plea.  Based upon the following, we affirm.

_____

[1]  75 Pa.C.S. 3802(a)(1).  Drum also pled guilty to two summary offenses, driving on roadways laned for traffic, 75 Pa.C.S. § 3309(1), and operation of a vehicle without inspection, 75 Pa.C.S. § 4703(a).

The facts underlying Drum's arrest and conviction are recited in detail in the affidavit of probable cause supporting the criminal complaint. ***See*** Criminal Complaint, 6/6/2013, Affidavit of Probable Cause, at 6. The affidavit detailed the incident as follows: On May 26, 2013, Drum was driving his car, with a disabled passenger inside, on South 4th Street, Oliver Township, Perry County, Pennsylvania. He drifted off the road to the right side of the street, sideswiping one car and rear-ending a second parked vehicle. Pennsylvania State Troopers Scott A. Roussell and Michael App responded to the scene. Trooper Roussell noted that Drum was swaying from side to side and his speech was slurred. Drum also appeared sleepy and was slow to respond to questions or instructions. The trooper indicated Drum had glassy, bloodshot eyes, smelled of alcohol, and was unable to show proof of insurance. Additionally, Drum refused to cooperate with any field sobriety tests and would not take a preliminary breath test. The troopers then arrested Drum for DUI and transported him to the station.

At the station, Trooper Roussell read Drum the Pennsylvania Implied Consent Warning and requested to take a blood test. Drum refused and requested to speak with an attorney. With a nurse present, the trooper then read the warnings again and Drum still refused to take the test. Drum became combative and it took three officers to restrain him. Two of the officers received minor injuries during the incident.

On June 3, 2014, a plea and sentencing hearing was held. Drum entered a *nolo contendere* plea to one count of DUI, and pled guilty to two summary offenses, as indicated above. Both parties and the trial court agreed as part of Drum's sentencing, the following would be indicated: "For purposes of the requirement of [Pennsylvania Department of Transportation ("PennDOT")], the Court notes that there was no refusal [for the blood alcohol testing]." N.T., 6/3/2014, at 12. The court then sentenced Drum to a term of 72 hours to 6 months in a county correctional facility, with credit for time served, and a $300.00 fine.[2]

On June 10, 2014, the court entered an amended sentencing order, reflecting that Drum was directed to pay $500.00 in restitution. On June 16, 2014, the court entered a second amended sentencing order, stating: "The record should reflect that [Drum] did NOT refuse the blood testing. It is hereby DIRECTED that the Department of Transportation shall make the

_____

[2] The court also ordered Drum to pay restitution, which would be determined at a later date, and to pay a $50.00 fine for each summary offense. In a related matter, at Docket No. CP-50-CR-0000308-2013, Drum entered a guilty plea on January 9, 2014, to resisting arrest for his actions at the police station following his DUI arrest. On June 3, 2014, the court sentenced him to a term of 17 days to 5 months' incarceration, to run consecutively to the DUI sentence, 75 hours of community service, and a $700.00 fine.

appropriate changes to reflect same." Order, 6/16/2014. Drum did not file post-sentence motions but did file a notice of appeal on July 2, 2014.[3]

In his sole issue on appeal, Drum complains that he tendered an unknowing and unintelligent *nolo contendere* plea because PennDOT did not honor the plea agreement. Drum's Brief at 10. He notes that as part of his plea agreement, "there would be an indication that [he] did not refuse a blood test." *Id.* As noted *supra*, an order reflecting that agreement was entered on June 16, 2014, and directed to PennDOT. Drum now concisely asserts:

> Said Order was sent to [PennDOT] and [Drum] was later informed that a blood test result would need to be produced in order to reinstate the driving privileges for the refusal suspension.
>
> [He] avers that he would not [have] entered the NOLO Plea had he known that the agreement with the Commonwealth would not have been honored by [PennDOT]."

*Id.*

Initially, we note that it is axiomatic that when a defendant enters a guilty plea, he waives the right to challenge on appeal "all non-jurisdictional defects except the legality of the sentence and the validity of the plea." *Commonwealth v. Lincoln*, 72 A.3d 606, 609 (Pa. Super. 2013).

---

[3] On July 24, 2014, the trial court ordered Drum to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Drum complied with the court's directive on July 30, 2014. The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on September 24, 2014.

Furthermore, when a defendant seeks to withdraw a plea after sentencing, he must demonstrate "prejudice on the order of manifest injustice before withdrawal is justified." *Commonwealth v. Yeomans*, 24 A.3d 1044, 1046 (Pa. Super. 2011) (citation omitted). "A plea rises to the level of manifest injustice when it was entered into involuntarily, unknowingly, or unintelligently." *Commonwealth v. Stork*, 737 A.2d 789, 790 (Pa. Super. 1999), *appeal denied*, 764 A.2d 1068 (Pa. 2000). Here, Drum argues his plea was entered unknowingly, because he did not get the benefit of the plea agreement when PennDOT apparently did not reinstate his driving privileges.

Drum's claim fails for several reasons. First, we conclude that it is waived.

> A defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing. Pa.R.Crim.P. 720(A)(1), (B)(1)(a)(i). Failure to employ either measure results in waiver. *Commonwealth v. Tareila*, 895 A.2d 1266, 1270 n. 3 (Pa. Super. 2006).

*Lincoln*, 72 A.3d at 609-610. In the present case, Drum did not raise this challenge during his plea hearing or, more appropriately based on the facts of this case, file a post sentence motion seeking to withdraw his plea. Therefore, it is not preserved for our review.[4] *See id.*

_____

[4] During the plea colloquy, the trial court informed Drum of his appellate rights as follows:

*(Footnote Continued Next Page)*

- 5 -

Second, we find that Drum's argument amounts to nothing more than a bald assertion that his plea was entered into involuntarily, unknowingly, or unintelligently. *See Commonwealth v. Hernandez*, 39 A.3d 406, 412 (Pa. Super. 2012) (failure to develop argument with citation to and analysis of relevant authority waives issue on appeal); *see also* Pa.R.A.P. 2119(b). Of most import, Drum fails to set forth what kind of suspension he actually received.[5] He did not include the letter he allegedly received from PennDOT in his brief, which described why his driving privileges were not reinstated. Drum also did not explain his expectation with regard to how the "no refusal" statement in a sentencing order would interplay with his suspended driving status pursuant to PennDOT. Without this information, we are unable to discern whether PennDOT's enforcement of the suspension was

*(Footnote Continued)* _____

> Now, I want to tell you, and your attorney can tell you more thoroughly, what is necessary at this point is you do have a right to appeal this matter. I'll let the record show that the Court has so advised and further advised counsel to discuss the same with her client.

N.T., 6/3/2014, at 14. While the trial court did not specifically inform Drum of the time period for filing a post-sentence motion, including a motion to withdraw his guilty plea, the court did advise Drum that his plea counsel would advise him all of his rights. We note that with respect to this appeal in which Drum is represented by the same counsel, he does not allege he was unaware of timing requirements.

[5] Under the Pennsylvania Motor Vehicle Code, DUI-related suspensions can range from 30 days up to 18 months. *See i.e.,* 75 Pa.C.S. § 3804(e)(1)(i) & (2)(i) (a one-year suspension of operating privilege for the DUI conviction under 75 Pa.C.S. § 3802 (ungraded misdemeanor)).

based on the sentencing order, and conterminously, the plea agreement, or another factor. As such, we cannot conclude, based on Drum's argument, that his plea was improper.[6] Accordingly, because we find the only issue raised by Drum on appeal waived, we affirm the judgment of sentence.[7]

Judgment of sentence affirmed.

Judge Panella joins in the majority decision.

Judge Olson concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/18/2015

_____

[6] We note that in its Rule 1925(a) opinion, the trial court found the record demonstrates Drum made a knowing and voluntary decision to enter into a *nolo contendere* plea. **See** Trial Court Opinion, 9/24/2014, at 3-4. Nevertheless, it is well settled that an appellate court can affirm on any basis. **See In re Jacobs**, 15 A.3d 509, n.1 (Pa. Super. 2011) ("[This Court is] not bound by the rationale of the trial court, and may affirm on any basis.").

[7] Moreover, if Drum persists in challenging his license suspension that was imposed by PennDOT, we note that a proper avenue would be a separate civil proceeding. **See i.e., Clark v. DOT, Bureau of Driver Licensing**, 62 A.3d 1059 (Pa. Commw. 2013).